# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THOMAS BRANAGAN,

    Petitioner,

vs.

QUENTIN BYRNE, *et al.*,

    Respondents.

    2:15-cv-01575-GMN-PAL

**ORDER**

    This action is a petition for writ of habeas corpus by Nevada prisoner Thomas Branagan. Branagan initiated the case on August 17, 2015. Following denial of Branagan's application to proceed *in forma pauperis* (ECF Nos. 1) and his motion for appointment of counsel (ECF No. 2), and after further proceedings regarding payment of the filing fee (ECF Nos. 3-11), Branagan paid the filing fee on March 16, 2016 (ECF No. 14).

    The court has examined Branagan's petition for writ of habeas corpus, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. It does not plainly appear to the court that Branagan is not entitled to relief. Therefore, the court will direct the clerk to serve the petition upon the respondents, and will set a schedule for respondents to respond.

    On March 14, 2016, Branagan filed a document entitled "Request for Change of Venue" (ECF No. 13). In that motion, Branagan requests that the case be transferred from the court's unofficial southern division to its unofficial northern division, on account of his transfer from High

1  Desert State Prison, in southern Nevada, to the Lovelock Correctional Center, in northern Nevada.
2  This part of Branagan's motion will be denied.  Local Rule IA 6-1 states that the State of Nevada
3  constitutes one judicial district with two unofficial divisions, the southern division and the northern
4  division.  LR IA 8-1(a) states that a "[c]ivil action shall be filed in the clerk's office for the division
5  of the court in which the action allegedly arose."  LR IA 8-1(c) states that "[t]he Court may, in its
6  discretion, direct that proceedings or trial take place in the division other than the division where
7  filed."  There is no need to transfer this case from the southern division to the northern division.
8         In his March 14, 2016 motion, Branagan also asks that the respondent warden named in his
9  habeas petition be changed to reflect his transfer from High Desert State Prison to the Lovelock
10 Correctional Center.  *See* Request for Change of Venue (ECF No. 13), p. 1.  This part of Branagan's
11 motion will be granted pursuant to Federal Rule of Civil Procedure 25.  The court will direct the
12 clerk to update the docket in this action to substitute Quentin Byrne for Dwight Neven, as the named
13 respondent warden.
14        **IT IS THEREFORE ORDERED** that the Clerk of the Court shall separately file the
15 petition for writ of habeas corpus (filed as an attachment to the application to proceed *in forma*
16 *pauperis* at ECF No. 1).
17        **IT IS FURTHER ORDERED** that petitioner's Request for Change of Venue (ECF No. 13)
18 is **GRANTED IN PART AND DENIED IN PART**.  The Clerk of the Court shall update the docket
19 to substitute Quentin Byrne for Dwight Neven, as the named respondent warden.  In all other
20 respects, petitioner's motion is denied.
21        **IT IS FURTHER ORDERED** that the Clerk of the Court shall add Adam Paul Laxalt,
22 Attorney General of the State of Nevada, as counsel for respondents.
23        **IT IS FURTHER ORDERED** that the Clerk of the Court shall electronically serve upon
24 respondents a copy of the habeas corpus petition in this case, and a copy of this order.
25 ///
26 ///

**IT IS FURTHER ORDERED** that respondents' counsel shall enter a notice of appearance within **30 days** of the entry of this order, and respondents shall file an answer or other response to the petition for writ of habeas corpus within **90 days** of the entry of this order.

**IT IS FURTHER ORDERED** that if respondents file an answer, petitioner shall have 60 days to file a reply.  If respondents file a motion to dismiss, petitioner shall have 60 days to file a response to the motion to dismiss, and respondents shall, thereafter, have 30 days to file a reply in support of the motion.

Dated this \_\_6\_\_ day of April, 2016.

_____
UNITED STATES DISTRICT JUDGE